IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALVIN N. BENNETT,

    Plaintiff,

v.

SHEEHY FORD OF MARLOW HEIGHTS, MARYLAND,

    Defendant.

Civil Action No.: GJH-21-2384

## MEMORANDUM

Plaintiff Alvin N. Bennett filed the above-captioned Complaint on September 17, 2021, and paid the full filing fee. ECF No. 1. For the reasons stated below, the Complaint shall be dismissed.

Plaintiff alleges that on September 21, 2018, he purchased a Ford Taurus from Defendant Sheehy Ford of Marlow Heights, Maryland. *Id.* at 4-5. Thereafter, Plaintiff asserts that he experienced numerous mechanical issues with the vehicle. *See id.* at 5-7. He contends that Defendant intentionally failed to disclose pre-existing defects with the brake and suspension systems, and in the course of attempting to have the vehicle repaired, Defendant breached its limited warranty by failing to perform the warranty repair work and refused to honor its "Money-Back Guarantee." *See id.* at 9-12.

This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does

not mean that this court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The court must examine whether federal jurisdiction permits adjudication of these claims. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Plaintiff states that the court has federal question jurisdiction over this claim pursuant to 28 U.S.C. § 1331. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Further, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 does not create an independent cause of action. Rather, § 1367 allows a court to exercise supplemental jurisdiction over state law claims, but only where the Complaint also pleads related federal claims.

Plaintiff seeks to bring claims for: (1) breach of a dealer limited warranty; (2) violation of the Maryland Consumer Protection Act; (3) fraud, and (4) and breach of a contractual guarantee, none of which state a federal cause of action. These claims instead arise under Maryland law and may be raised in a state court, but cannot be brought in this court, absent a basis for federal jurisdiction. As such, the Complaint does not establish federal question jurisdiction under 28 U.S.C. § 1331.

The Court also notes that there is no basis for diversity jurisdiction in this case either. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). As both parties reside in Maryland, there is no diversity between the parties to confer jurisdiction upon the court.

Without a jurisdictional basis for suit in federal court, Plaintiff's claims are factually and legally without merit. Such lawsuits are subject to dismissal pursuant to the court's inherent authority. The federal rules require dismissal anytime there is a determination that there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal is appropriate here, given the lack of federal jurisdiction.

A separate Order follows.

11/5/2021
Date

_____
GEORGE J. HAZEL
United States District Judge

3